**IN THE COURT OF APPEALS OF IOWA**

No. 19-0897
Filed March 18, 2020

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**JOSHUA I. VANSANT,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Des Moines County, Michael J. Schilling, Judge.

Joshua VanSant appeals his sentence for eluding. **AFFIRMED.**

Jeffrey L. Powell of Powell & McCullough, PLC, Coralville, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and May, JJ.

**MAY, Judge.**

Joshua VanSant appeals the sentence imposed following his guilty plea to eluding.[1]  We affirm.

We review sentencing challenges "for an abuse of discretion or defect in the sentencing procedure."  *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015).  "An abuse of discretion will only be found when a court acts on grounds clearly untenable or to an extent clearly unreasonable."  *Id.* (citation omitted).

VanSant argues the court abused its discretion by imposing a sentence that differed from the presentence investigation report (PSI)'s recommendation.  But "any sentencing recommendations contained in the PSI are not binding on the court."  *State v. Headley*, 926 N.W.2d 545, 552 (Iowa 2019).  And the sentencing court provided adequate explanation as to why it declined to follow the PSI's recommendation for a suspended sentence and instead imposed a jail sentence.  *Cf. State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002) (providing factors a sentencing court should consider when imposing sentencing including additional factors to consider with respect to a suspended sentence).  We conclude the court did not abuse its discretion.

We affirm without further opinion.  *See* Iowa Ct. R. 21.26(1)(d), (e).

**AFFIRMED.**

---

[1] We recognize Iowa Code section 814.6 was recently amended to prohibit most appeals from guilty pleas.  *See* 2019 Iowa Acts ch. 140, § 28.  In *State v. Macke*, however, our supreme court held these amendments "apply only prospectively and do not apply to cases pending on July 1, 2019."  933 N.W.2d 226, 235 (Iowa 2019).  We are bound by our supreme court's holding.  We conclude, therefore, the amendments "do not apply" to this case, which was pending on July 1, 2019.  *See id.*